STEPHEN HOUSE *v.* WILLIAM BARBER.

If a person attend as a witness, in more than one cause, at the same time, he is entitled to full pay in each cause, unless the causes are between the same parties, and he is only subpœnaed in one cause,—in which case, it would seem, he is only entitled to pay in one cause.

THIS was an action of book account, brought into the county court by an appeal from the decision of a justice of the peace. Judgment to account having been rendered therein, an auditor was appointed, who reported in substance, as follows : That the only claim exhibited before him, consisted of items, charged by the plaintiff to the defendant, for attending court as a witness, at the defendant's request, in a suit in favor of the defendant, as administrator of one Wadsworth, against *Corse & others* ; that the plaintiff's account accrued under the following circumstances. One Atkinson, prior to the year 1828, brought an action of ejectment against one Wright, and a like action against one Mott, to recover certain lands, situate in Knight's gore. Atkinson claimed title to the lands, under the town of Bakersfield, and Wright and Mott claimed under the proprietors of Enosburgh, and the principal question made in said suits, was, in which of said towns did the lands in question lie ? About the time when these suits were brought, the town of Enosburgh appointed the defendant and Heman Allen, agents for the town, to act, in conjunction with Wright and Mott, in the defence of said suits ; that said Allen and the defendant took upon themselves the duties of said appointment, and, after conferring with Wright and Mott, joined with them in preparing and defending said suits ; that the defendant, as such agent, repeatedly called on the plaintiff to attend court as a witness in said suits ; that Wright and Mott, also, called on the plaintiff to attend as a witness in the same suits, and that the plaintiff did regularly, when so requested, attend the terms of the county court, as a witness in said suits, until they were finally determined, and charged his travel and attendance in each suit, and was paid by Wright for the fees accruing in the suit against him, and was partly paid for the fees accruing in the suit against Mott, by Mott ;—

That in the year 1828, and during the pendency of said suits, the defendant brought a suit, in his name, as adminis-

trator of Wadsworth, for certain lands in the same gore, which involved the same questions, and depended upon the same testimony as the before mentioned suits in favor of Atkinson; that the suit brought by the defendant was commenced to prevent the statute of limitations from running against his claim of title, with the intention of having it continued from term to term, to await the determination of the suits in favor of Atkinson against Wright and Mott; that before the determination of the last mentioned suits, Wright and Mott relaxed their exertions in their defence, and the principal labor of procuring the attendance of the witnesses devolved upon the defendant, as agent as aforesaid, though the witnesses generally, and the plaintiff, among others, continued to charge their fees to Wright and Mott, and received pay of them, as they had before done; that during the time the defendant so took the charge of the defence of said suits against Wright and Mott, he from term to term either subpœnaed or requested the plaintiff, and other witnesses, to attend as witnesses in said suits, and at the time of requesting the witnesses so to attend, he also requested the plaintiff and the other witnesses to attend as witnesses in the suit in his name, as administrator of Wadsworth, but that at no time, during the plaintiff's attendance as a witness in said suits, was he called upon or sworn, as a witness in the suit in favor of the defendant, as administrator, nor did the plaintiff, at any time during the pendency of said suits, attend expressly as a witness in the last mentioned suit, nor was he ever detained at court, after the trial of the suits in favor of Atkinson, as a witness in the other suit.

From these facts, the auditor found nothing due from the defendant to the plaintiff, but, if the county court should be of the opinion that the plaintiff was entitled to recover, then he found for the plaintiff to recover against the defendant the sum of $46,49.

The county court rendered a judgment for the plaintiff, and the defendant excepted.

——— *Mansfield & J. J. Beardsley*, for defendant.

*Smalley & Adams*, for plaintiff.

The opinion of the Court was delivered by

R. EDFIELD, J.—The law, in this state, provides every suitor, an easy and sure way to compel the attendance of his

witnesses, at a very reasonable expense. It is seldom, indeed, that the fees allowed the witness are any just compensation. Let the state of his business, or the expense of travelling, be what it may, he can receive no more than the statute fee. In some countries the witness is paid, according to his calling or profession, such sum as the court adjudge reasonable, but this, with us, would be wholly impracticable and unjust. If one's business is more profitable than another's, he can better bear the burden of such a tax, for tax no doubt it is, to be compelled to attend court as a witness for so meagre a compensation, as is here allowed, and such it is intended it should be. But the compensation, such as it is, is fixed by law, and the courts have no discretion, either to increase or diminish it. If a person is subpœnaed to attend court as a witness in more than one case, between different parties at the same term, there is no good reason why his fees should be restricted to one case. The same course of argument, which would prove that the fees of the witness, in such case, should be restricted to one cause, might, with the same propriety, be applied to the case of officers, who serve more than one process at the same time, and thus charge more than once for the same travel, and might perhaps be extended to other cases, when, by accident, the same officer is allowed to tax more than one fee for the same service, because it answers a double purpose.

It is true, no doubt, if a person, not called upon to attend court as a witness, is found in court, and is called upon the stand, and testifies, he is only entitled to one day's attendance. So if the same parties have more than one cause depending, where the same witness is required, it is not customary to summon the witness in more than one cause, but, if summoned in each, he might be entitled to fees in all, for he is thereby laid under obligations with reference to all the suits, and should he absent himself, he would be liable to damages with reference to each suit. So if one party summon a witness, it is not common for the other party to summon the same witness, although he may deem his attendance important. But we know of no case which will preclude either party from summoning, and paying, the same witness, and thus the same witness might be twice paid in the same case; but where the witness attends in different causes, between the

same parties, courts have not usually allowed more than one <span style="float:right">FRANKLIN,<br>January,<br>1838.</span> full taxation, and one day in the other causes. Fees fixed by statute, for services required of officers, and perhaps of witnesses too, cannot be reduced to a *quantum meruit*. If the services are performed under great disadvantages, or even when the officer does more than the law strictly requires of him, he cannot take any extra compensation; and if he be so fortunate, as to perform the services with less labor than is usually bestowed, no deduction can be made from the fixed fees.